**No. ——**

**First Circuit**

---

**PERTITTA BROTHERS v. SHIELDS**

---

(December 22,. 1925, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Attachment—Par. 76.**
   The posting of a certified copy of a writ of attachment and citation on a billboard at an entrance leading to the door of the courtroom, for instance the front door of the courthouse is a substantial compliance with Article 254 of the Code of Practice. It does not necessarily have to be posted on the door of the courtroom.

Appeal from the Parish of Vernon. Hon. Hal A. Burgess, Judge.

Suit by Pertitta Brothers against Belmont L. Shields.

There was judgment for plaintiff and defendant, absentee, through his curator ad hoc, appealed.

Judgment affirmed.

P. L. Ferguson, of Leesville, attorney for plaintiff, appellee.

A. B. Cavanaugh, of Leesville, attorney for defendant, appellant.

LECHE, J. The present suit is against an absentee and the only question therein presented to this court for decision is the defense made by the curator ad hoc, to the effect that "no copy of the writ of attachment herein sued out was affixed to the door of the room where the court in which this suit is pending is held, that no legal seizure was made". Plaintiff, in order to recover a claim against the defendant, resorted to a writ of attachment under which the defendant's property was seized and brought into the custody and jurisdiction of the court in order that it might be sold in satisfaction of the claim.

The sheriff's return on the writ of attachment shows that service was made by "tacking certified copy hereof with petition on front door of courthouse". His return on the citation shows service "by posting a certified copy hereof on courthouse door". The handwriting in the return on the citation is not very legible, but we are satisfied that we have it properly deciphered.

On the trial of the case the evidence shows that O. E. Morris gave the papers, including a copy of the writ of attachment, to Brown Cain, and that Brown Cain posted the papers which Morris had given him by nailing them on the door. The record shows that the returns were signed by Brown Cain as deputy sheriff, and while the evidence does not show in what capacity Morris was acting, we presume that he was either clerk of court or sheriff, but that is not questioned. If Cain affixed all the papers handed to him by Morris and a copy of the writ was included in those papers, it follows that a copy of the writ of attachment was affixed as required by law and as stated in the return.

Article 254 of the Code of Practice requires that copies of the attachment be affixed to the door of the room where the court in which the suit is pending is held. In the case of Irving vs. Eddrington, 41 La. Ann. 672, 6 South. 177, the court says:

"The courthouse is a two-story building with four public entrances. The returns on the writs show that they were posted at the courthouse door, and, as it is not contradicted, it is presumed they were posted at the usual place where such notices are posted by the sheriff."

Both from the return and the evidence the service in this case was made by affixing a copy of the writ of attachment and a copy of the citation to the courthouse door or the front door of the courthouse. The record does not show how many rooms are contained in the courthouse, nor how many doors there are in the building, and for aught we know there may be but one room and one door. There are several decisions quoted in Louque's Digest holding that a posting on the door of the courthouse is not valid and that such posting must be on the door of the room in which the court is held, but in the latest decision quoted in that Digest, Connell vs. Meddock, 25 La. Ann. 590, the court departed from this highly technical and literal construction of Article 254 of the Code of Practice, and held that a posting on a bulletin board at an entrance leading to the door of the courtroom was sufficient. So that, admitting there are several rooms in the courthouse and that there are several entrances to the building, we believe that the return of service in this case is a substantial compliance

with Article 254, C. P., as construed in the Irving and Connell cases. We were not favored with oral argument or brief on behalf of the plaintiff, but our own examination of the law satisfies us that the district judge properly maintained the regularity of the proceedings in the case, and his judgment is therefore affirmed.